Dear Mr. Wells:
We received your request for our opinion on behalf of the Rapides Parish Police Jury regarding the use of public funds. The Police Jury passed several resolutions on March 18, 2002 regarding the use of public funds for a number of local events. More specifically, the police jury is considering using funds as follows:
1. $2,500.00 to sponsor the YMCA's free swim week
 2. $2,500.00 to fund "Jazz on the River" sponsored by a private, non-profit corporation
 3. $10,000 to the Chamber of Commerce to be used in a marketing plan for economic development
 4. $500 for Visitors Bureau Reception memorializing the Central Louisiana Purchase 2003.
We will address each of the above proposed expenditures separately; however, because each expenditure involves public funds, it must be addressed in light of Article 7, Section 14 of the Louisiana Constitution of 1974 which prohibits the state or any of its political subdivisions from loaning, pledging or donating funds, property or things of value to or for any person, association or corporation. The Louisiana Supreme Court ruled that Article 7, Section 14 is violated whenever the state or one of its political subdivisions seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. La.Municipal Risk Agency, 439 So.2d 399 (La. 1983). Our office has interpreted legal obligation to mean that the expenditure of funds be sanctioned, authorized by law, or in the discharge of a legal duty. Atty. Gen. Op. No. 00-14 and 92-204.
$2.500.00 TO SPONSOR THE YMCA'S "FREE SWIM WEEK"
Clearly, the Rapides Parish Police Jury is in no way obligated to the YMCA. It cannot simply donate $2,500.00 to the YMCA. However, Article7, Section 14B of the Louisiana Constitution specifically authorizes the use of public funds for programs of social welfare for the aid and support of the needy. This section acts as an exception to the general prohibition of the donation of public funds. However, to avail oneself of this exception, the state or one of its political subdivisions must insure that there is some type of objective criteria to properly identify those who are needy. Thus, the Rapides Parish Police Jury may contribute funds to the YMCA for use in a program for its needy citizens as long as there is some type of objective criteria used to establish those who are truly needy. Although it is not mentioned in your request, if the YMCA free swim week is such a program, the Police Jury may consider contributing if it establishes such objective criteria and ensures that the criteria are properly followed.
We note that the request indicates that the source of these funds is the Economic Development District D general fund. Although we do not know the origin or purpose of this fund, please note that funds appropriated for a specific purpose must be used for that purpose. See La.R.S. 39:704
$2,500.00 TO FUND "JAZZ ON THE RIVER" SPONSORED BY A PRIVATE, NON-PROFITCORPORATION
Again, the Rapides Parish Police Jury is in no way obligated to this particular non-profit private entity and thus cannot simply donate funds to it. Although, we do not have any information as to the purpose of the "Jazz on the River" activity, we do point out that La.R.S. 51:1201
authorizes parishes, municipalities, and port authorities to advertise as they deem appropriate to promote, encourage, and develop industry, trade, and commerce. Thus, by virtue of this statute, the Rapides Parish Police Jury may use public funds for advertisement to promote and develop local industry and commerce. If the Police Jury's participation in this activity is to promote and develop local industry and commerce through advertisement, it may do so.
$10,000 TO THE CHAMBER OF COMMERCE TO BE USED IN A MARKETING PLANFOR ECONOMIC DEVELOPMENT
The police jury proposes to spend $10,000.00 for economic development pursuant to an agreement with the chamber of commerce. Article 7, Section 14C of the Louisiana Constitution authorizes the state and its political subdivisions to engage in cooperative endeavor agreements for a public purpose with governmental agencies, public or private corporations and/or individuals. Our office has consistently opined that a cooperative endeavor, to be legally permissible, must be made pursuant to a valid legal obligation; must be for a public purpose; and it must result in a public benefit that is proportionate to its cost. See Atty. Gen. Op. Nos. 02-0045, 01-0441 and 01-86. Article 7, Section 14C is not an exception to the otherwise general prohibition against the donation of public funds. Thus, even if the state or one of its political subdivisions cooperate for a public purpose, it still may not give away its assets merely for a public purpose. City of Port Allen, supra.
While we recognize that a parish has the authority for cooperative economic development through La.R.S. 33:9020, et seq, the pursuit of economic development must be in accordance with the Constitution and laws of this state. See Atty. Gen. Op. No. 93-22. La.R.S. 33:9021(6) identifies the purpose of cooperative economic development as an aide to local governmental subdivisions in alleviating the conditions of unemployment, underemployment, and other forms of other distress. We have no information specifically identifying what benefit Rapides Parish will receive through such a cooperative endeavor agreement, however, if the agreement identifies the specific benefit the parish will receive and such benefit as commensurate with its cost, the parish may do so.
$500.00 FOR VISITORS BUREAU RECEPTION MEMORIALIZING THE CENTRAL LOUISIANAPURCHASE 2003
We have no other information in the request other than the parish would like to contribute $500.00 in the form of a cooperative endeavor agreement with the Alexandria/Pineville Convention and Visitors Bureau for participation in the Central Louisiana Purchase 2003 reception. Again, as long as the three requirements for a valid cooperative endeavor agreement are met, i.e. valid legal obligation; public purpose; and, public benefit proportionate to its cost, the parish may do.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
With kindest regards,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ TINA VICARI GRANT Assistant Attorney General
RPI/TVG/dam
Date Released: July 8, 2002